People v Jackson (2025 NY Slip Op 07044)

People v Jackson

2025 NY Slip Op 07044

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CR-23-2399
[*1]The People of the State of New York, Respondent,
v
Elizabeth Jackson, Appellant.

Calendar Date:November 14, 2025

Before:Pritzker, J.P., Reynolds Fitzgerald, Fisher, McShan and Corcoran, JJ.

Rebekah Nellis Kennedy, Loudonville, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Mary E. Saitta of counsel), for respondent.

Appeal from a judgment of the County Court of Broome County (Carol Cocchiola, J.), rendered December 1, 2023, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.
Defendant pleaded guilty to grand larceny in the third degree in satisfaction of a two-count indictment and an uncharged felony for similar conduct and agreed to waive her right to appeal. Pursuant to the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 3½ to 7 years. This appeal ensued.
We are unpersuaded by defendant's contention that the waiver of her right to appeal is invalid. Defendant was aware that a condition of the plea agreement was waiving her right to appeal, and during the plea colloquy County Court advised defendant of the separate and distinct nature of the appeal waiver from those rights forfeited by the guilty plea. County Court explained that, although most claims of error are waived, certain rights — some of which the court specified — were retained. Defendant acknowledged that she had conferred with counsel and understood the nature of the appeal waiver. In addition, the written appeal waiver executed by defendant in open court — although containing some overbroad language — reaffirmed the court's explanation of the nature and consequences of the waiver of the right to appeal and that certain appellate rights survived. Upon our review, we are satisfied that the record reflects that defendant's waiver of her right to appeal was knowing, voluntary and intelligent (see People v Sheehan, 242 AD3d 1260, 1261 [3d Dept 2025]; People v Lewis, 234 AD3d 1209, 1209-1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Morse, 230 AD3d 1471, 1472 [3d Dept 2024]). The valid appeal waiver therefore precludes defendant's challenge to the severity of the sentence imposed (see People v Rowe, 239 AD3d 1202, 1202 [3d Dept 2025], lv denied 44 NY3d 984 [2025]; People v Peters, 238 AD3d 1391, 1392-1393 [3d Dept 2025]).
Pritzker, J.P., Reynolds Fitzgerald, Fisher, McShan and Corcoran, JJ., concur.
ORDERED that the judgment is affirmed.